UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAUNDALE J. JOHNSON,

      Petitioner,

  v.

UNITED STATES OF AMERICA

      Respondent..

Case No. 18-cv-2111-JPG

## **MEMORANDUM AND ORDER**

      This matter comes before the Court on the motion of petitioner Shaundale J. Johnson to reopen this closed case pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 22).  In this case, the Court denied Johnson's petition to vacate, set aside, or correct his criminal conviction under 28 U.S.C. § 2255.  Johnson filed his original motion in November 2018, and the Court denied it in May 2020.  Johnson now believes that, in light of more recent cases like *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239 (2021), the arguments he made in his original motion now have merit, and his petition should not have been denied.

      A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion).

      Johnson's pending motion reasserts the same arguments, supported by new caselaw, and is therefore a successive petition under the rule of *Gonzalez*.  In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h).  *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007);

*Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  The Court of Appeals has not made such a certification.  Therefore, the Court does not have jurisdiction to consider Johnson's motion (Doc. 22) and **DISMISSES** it for **lack of jurisdiction**.

     A certificate of appealability is required to appeal from the dismissal of an unauthorized second or successive collateral attack.  *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*).  Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."  *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003).  The Court finds that Johnson has not made such a showing and, accordingly, **DECLINES** to issue a certificate of appealability of this order.

**IT IS SO ORDERED.**
**DATED:  July 13, 2023**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**